1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
Francis M. Gregorek (SBN 144785)
Rachele R. Rickert (SBN 190634)
Symphony Towers
750 B Street, Suite 2770
San Diego, California 92101
Tel:   619-239-4599
Fax:   619-234-4599

WINNE, BANTA, HETHERINGTON,
   BASRALIAN & KAHN, P.C.
Kenneth K. Lehn
Edward P. D'Alessio
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, NJ 07601
Tel:   (201) 487-3800
Fax:   (201) 487-8529

FOLKENFLIK & McGERITY
Max Folkenflik
1500 Broadway
New York, NY 10036
Tel:   (212) 937-0400

Attorneys for Plaintiffs

[See page 2 for additional plaintiffs' attorneys]

FILED

2006 NOV 29  PM 4: 04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

17

18

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF CALIFORNIA

19

20

21

22

23

24

25

26

27

28

ROBERT STEINBERG, ROBERT N.
ADLER, FRANK V. FINIZIA, BRIAN C.
LATZ, GERARD SCORZIELLO, PAUL
ROLES, JANEMARIE LENIHAN, DAVID
ANDREW GASMAN, ISRAEL HARMAN
and JOHN MASKUBI, on behalf of
themselves, the general public, and all others
similarly situated,

                        Plaintiffs,

        vs.

MORGAN STANLEY & CO.
INCORPORATED and
MORGAN STANLEY DW INC.,

                        Defendants.

Case No. **'06 CV 2628   BEN NLS**

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

Class and Collective Action Complaint

1

**ORIGINAL**

WOLF HALDENSTEIN ADLER
        FREEMAN & HERZ LLP
Jeffrey G. Smith
Robert Abrams
270 Madison Avenue
New York, NY 10016
Tel:    (212) 545-4600
Fax:    (212) 545-4653

JERRY K. CIMMET  (SBN 33731)
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA 94402
Tel:    (650) 866-4700
Fax:    (650) 866-4770

JOHN M. KELSON   (SBN 75462)
LAW OFFICE OF JOHN M. KELSON
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel:    (510) 465-1326
Fax:    (510) 465-0871

SCHRADER & ISRAELY, LLP
233 Broadway, Suite 830
New York, NY 10279
Tel:    (212) 937-3967

SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Tel:    860-493-6292
Fax:    860-493-6290

Attorneys for Plaintiffs

2

## **NATURE OF THE ACTION**

1.      Plaintiffs, Robert Steinberg, a resident of New Jersey, Robert N. Adler, a resident of New Jersey, Frank V. Finizia, a resident of New Jersey, Brian C. Latz, a resident of New Jersey, Gerard Scorziello, a resident of New Jersey, Paul Roles, a resident of New York, Janemarie Lenihan, a resident of Connecticut, David Andrew Gasman, a resident of New York, Israel Harman, a resident of New York, and John Maskubi, a resident of New Jersey, by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters.  Plaintiffs bring this class and collective action on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the Federal Fair Labor Standards Act, New Jersey Labor Laws, New York Labor Laws, Connecticut Labor Laws and the labor laws of the other States of the United States and other wrongful conduct and improper labor practices committed by defendants Morgan Stanley & Co. Incorporated, whose address is 1585 Broadway, New York, NY 10036 and Morgan Stanley DW Inc., whose address is 2000 Westchester Avenue, Purchase, NY 10577 (hereafter collectively referred to as "Morgan Stanley" or "defendants").

2.      Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and as a class action pursuant to Fed.R.Civ.P. 23.  The persons plaintiffs seek to represent are: (a) current and former Financial Advisors (also known as and sometimes referred to herein as "Security Brokers") that have been employed by Morgan Stanley in the United States outside of the State of California; (b) current and former Financial Advisor Trainees (also known as and sometimes referred to herein as "Security Broker Trainees" or "Trainees") that have been employed by Morgan Stanley in the United States outside of the State of California; and (c) current and former Producing Branch Managers, Assistant Branch Managers, and Sales Managers that have been employed by Morgan Stanley anywhere in the United States, including California (collectively referred to herein as "Covered Positions"), who were employed by defendants on a commission basis and to whom defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law and/or were subjected to unlawful deductions from their pay by defendants and/or were unlawfully compelled to pay for defendants' business expenses and/or were

Class and Collective Action Complaint

1  unlawfully charged back for commissions and/or the actual value of stock losses allegedly caused by

2  the employee through simple negligence or no fault of the employee at all.

3      3.     The groups and classes that plaintiffs seek to represent include (a) the "Federal

4  Collective Group" that consists of all individuals who were or are employed by defendants in Covered

5  Positions in the United States of America outside of the State of California at any time from

6  September 1, 2002 who timely opt-in to any such collective group (the "Federal Eligibility Period"),

7  (b) the "New Jersey Class" that consists of all individuals, employed by defendants in Covered

8  Positions in the State of New Jersey at any time since September 1, 1998 (the "New Jersey Class

9  Period"), the "New York Class" that consists of all individuals, employed by defendants in Covered

10  Positions in the State of New York at any time since September 1, 1998 (the "New York Class

11  Period"), the "Connecticut Class" that consists of all individuals, employed by defendants in Covered

12  Positions in the State of Connecticut at any time since September 1, 2002 (the "Connecticut Class

13  Period") and the "Other States Class" that consists of all individuals, employed by defendants in

14  Covered Positions in the United States other than the States of New Jersey, New York and

15  Connecticut at any time during the maximum applicable law limitations periods of those jurisdictions

16  in the United States, dating back from September 1, 2005 (the "Other States Class Period").  The term

17  "Classes" shall include the New Jersey Class, the New York Class, the Connecticut Class and the

18  Other States Class and the term "Class Periods" shall include the New Jersey Class Period, the New

19  York Class Period, the Connecticut Class Period and the Other States Class Period.

20      4.     Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by

21  failing to pay the Federal Collective Group overtime pay for a work week longer than forty (40) hours.

22      5.     Defendants violated the rights of the New Jersey Class under the New Jersey State

23  Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30 (the "Wage and Hour Law"), and its

24  implementing regulations and the public policy articulated therein, as follows:

25          a.     Defendants violated the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-

26              56a to 34:11-56a30, which requires employers to pay non-exempt employees overtime

27              at the rate of one and one-half times the employee's regular salary for all hours worked

28

4

in excess of forty (40) hours in any given workweek, by failing to pay New Jersey Class

members any such overtime compensation.

b.      Defendants violated the New Jersey State Wage and Hour Law, <u>N.J.S.A.</u> 34:11-4.4, which prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute, by impermissibly deducting monies from the compensation of class members to pay for support staff and other overhead expenses and/or by refusing to reimburse New Jersey Class members who had incurred such expenses at the direction and insistence of defendants and by charging back earned commissions and stock losses to the New Jersey Class.

c.      Defendants violated the New Jersey Wage Payment Law, <u>N.J.S.A.</u> 34:11-4.3, which provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place, by failing to tender payment and/or restitution of wages owed or in the manner required by New Jersey law to the New Jersey Class.

6.      Defendants violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

a.      Defendants violated 12 NYCRR § 142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek.

b.      Defendants violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to pay for support staff and other overhead expenses.

7.      Defendants violated the rights of the Connecticut Class under Connecticut labor law:

a.      Under Connecticut law, "any employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part." Conn. Gen. Stat. § 31-60(a).  A "wage" is

5

defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. § 31-71(a)(3).

b.    In Connecticut, the workweek is forty hours and any time worked above that requires payment at the rate of time and a half.  Conn. Gen. Stat. § 31-76(c) ("No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

8.    Defendants violated the rights of the Other States Class as provided under the labor laws of each of the jurisdictions of the United States which provide for a) an overtime payment rate for work in excess of 40 hours, and b) prohibit deductions from wages except for those deductions allowed by law.

9.    As a result of defendants' violation of the FLSA, New Jersey, New York, Connecticut and Other States Labor Laws, plaintiffs and members of the Federal Collective Group and members of the Classes were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

11.    Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because the named defendants are resident in this District.

## PARTIES

12.    During the Federal Eligibility and New Jersey Class Periods plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello were employed by Morgan Stanley in Covered Positions in the State of New Jersey.

6

13. During the Federal Eligibility and New York Class Periods plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John Maskubi were employed by Morgan Stanley in Covered Positions in the State of New York.

14. During the Federal Eligibility and Connecticut Class Periods plaintiff Janemarie Lenihan was employed by Morgan Stanley in a Covered Position in the State of Connecticut

15. During the Federal Eligibility and Class Periods, defendants Morgan Stanley & Co. Incorporated and Morgan Stanley DW Inc., were and are wholly owned subsidiaries of Morgan Stanley, a corporation, and were and are Delaware corporations with their principal places of business in the State of New York. Morgan Stanley does business in all the jurisdictions of the United States as a NASD registered securities brokerage firm with offices located nation-wide throughout the United States, including the States of California, New Jersey, New York and Connecticut. Morgan Stanley employs thousands of persons in Covered Positions throughout the United States. Morgan Stanley has over 50,000 employees and over 600 offices and at any one time plaintiffs estimate that each of the Classes exceed 500 in total number of Covered Positions and far exceed that amount during the Class Periods.

16. Plaintiffs, upon information and belief, allege that during the Federal Eligibility and Class Periods, each defendant was the agent of the other defendant, and in performing the acts alleged in this Complaint was acting within the course and scope of that agency and any reference to "defendant" or "defendants" shall mean "defendants and each of them." Defendants are individually, jointly and severally liable as the employers of the plaintiffs and each plaintiff class member because each defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours and working conditions of plaintiffs.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Paul Roles, David Andrew Gasman, Israel Harman, John Maskubi and Janemarie Lenihan bring this action on behalf of themselves, and the Federal Collective Group pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of themselves and the New Jersey, New York, Connecticut and Other States Classes pursuant to Fed.R.Civ.P. 23.

7

18.     Plaintiffs are informed and believe that there are thousands of members of the New Jersey, New York, Connecticut and Other States Classes and thousands of members of the Federal Collective Group, and each Class is so numerous that joinder is impractical.

19.     There is a well-defined community of interest in the questions of law and fact affecting the Federal Collective Group and the Classes as a whole.  The questions of law and fact common to the Federal Collective Group and to each of the Classes predominate over questions which may affect only individual members of the Federal Collective Group and each of the Classes, including the following:

a.     Whether defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and failed to adequately compensate the members of the New Jersey, New York, Connecticut and Other States Classes for overtime hours worked as required by New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30, 12 NYCRR § 142-2.2, Conn. Gen. Stat. § 31-76(c) and as required by the labor laws of the Other States, because plaintiffs and members of the Federal Collective Group and the Classes are not exempt employees under the FLSA or New Jersey State Wage and Hour Law, NY Labor Law and 12 NYCRR § 142-2.2, Connecticut General Statute § 31-76(i) or the labor laws of the Other States.

b.     Whether defendants wrongfully deducted monies from the New Jersey, New York, Connecticut and Other States Class members' wages and/or otherwise required New Jersey, New York, Connecticut and Other States Class members to pay for support staff and other overhead expenses and for reversed trades in violation of New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4, New York Labor Law § 193, Connecticut General Statute § 31-71(e) and the labor laws of the Other States.

c.     Whether defendants violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, which provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of

8

employment took place, by failing to tender payment and/or restitution of wages owed or in the manner required by New Jersey law to the New Jersey Class.

      d.    · Whether the members of the Federal Collective Group and the Classes have been damaged and, if so, the extent of such damages.

20.    As employees of defendants, which failed to adequately compensate plaintiffs for overtime hours worked as required by law, and improperly charged them for expenses, plaintiffs are asserting claims that are typical of the claims of the Federal Collective Group and the Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group and the Classes and have no interests antagonistic to those of the other members of the Federal Collective Group and the Classes.  Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

21.    Plaintiffs and other members of the Federal Collective Group and the Classes have suffered damages as a result of defendants' wrongful conduct.  Because of the size of the claims of the individual members of the Federal Collective Group and the Classes, few, if any, members of the Federal Collective Group and the Classes could afford to seek legal redress for the wrongs complained of herein.  A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a collective and class action, the members of the Federal Collective Group and the Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of FLSA § 207, <u>N.J.S.A.</u> §§ 34:11-56a through 34:11:56a30 and 34:11-4.4, New York Labor Law § 193 and 12 NYCRR § 142-2.2, Conn. Gen. Stat. §§ 31-76(c) and 31-71(e) and the labor laws of the Other States.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

22.    Defendants sold and sell securities and other financial products with offices nationwide.

23.    Plaintiffs, Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Paul Roles, David Andrew Gasman, Israel Harman, John Maskubi and Janemarie Lenihan were inside sales persons whom defendants paid on a commission basis without any premium for overtime pay as required by law.

Class and Collective Action Complaint

24.     Defendants required every Securities Broker member of the Classes to pay additional wages to the brokers' assistant(s) for doing the business of defendant.

25.     Defendants also charged and/or refused to compensate the members of the Classes for other costs of doing business.

26.     If a customer challenged the transactions done for their benefit by the Securities Broker members of the Classes, defendants would deduct the amount of any loss from the commissions due the securities broker both for the actual losses incurred by the customer and any commission paid on that transaction.

27.     Neither plaintiffs nor the members of the Classes were or are part of any group exempt from the overtime requirements of Federal, New Jersey, New York, Connecticut or Other States' laws.

28.     Members of the New Jersey, New York and Connecticut Classes were and are not "professionals" and did not perform executive or administrative functions as defined by New Jersey Wage & Hour Regulations §§ 12:56-7.1 through 7.6, 12 NYCRR §§ 142.2.14(c)(4)(iii) and 142-2.14(c)(4)(i) and 142-2.14(c)(ii) and Connecticut regulation §31-60-14.

29.     Plaintiffs and other members of the Classes were not and are not outside salesmen as defined in the FLSA and under New Jersey, New York and Connecticut labor laws and the labor laws of Other States, since they performed their sales functions inside defendants' offices.

<div style="text-align:center">

**FIRST CLAIM FOR RELIEF**
**Restitution for Failure to Pay Overtime to the Federal Collective Group**
**(Violation of FLSA § 207)**

</div>

30.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

31.     Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

Class and Collective Action Complaint

32.     Section 207(i) of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this section - mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 U.S.C. § 206],
>
> and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

33.     The Section 207(i) exemption does not apply to the Federal Collective Group herein because brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list are

"brokers, custom house; freight brokers; stock or commodity brokers, [and] … securities dealers." *Id.*

34.     Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive, administrative**, or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except than [*sic*] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

35.     The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who work on commission, are not employed in a bona fide professional capacity.

11

Class and Collective Action Complaint

36.     The professional exemption does not apply to the plaintiffs or to the members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

37.     In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Collective Group hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

38.     The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither plaintiffs nor the members of the Federal Collective Group were, or are, outside salespersons because plaintiffs and the other members of the Federal Collective Group were employed at the defendants' places of business.

39.     The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of defendants.

40.     The Federal Collective Group under the Fair Labor Standards Act includes all securities broker employees of defendants in the United States.

41.     For purposes of the Fair Labor Standards Act, the employment practices of defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

42.     There are no other exemptions applicable to plaintiffs and/or to members of the Federal Collective Group.

43.     Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week for defendants, and received no premium pay

12

Class and Collective Action Complaint

1   for hours worked in excess of 40 hours per week.

2       44.     In committing the wrongful acts alleged to be in violation of the Fair Labor Standards

3   Act, defendants acted willfully in that it knowingly, deliberately and intentionally failed to pay

4   overtime to plaintiffs and members of the Federal Class.

5       45.     As a result of defendants' failure to pay overtime, plaintiffs and the members of the

6   Federal Collective Group were damaged in an amount to be proved at trial.

7       46.     Therefore, plaintiffs demand that they and the members of the Federal Collective

8   Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in

9   any work week for which they were not compensated, plus interest and attorneys' fees as provided by

10  law.

11                              **SECOND CLAIM FOR RELIEF**
                **(Failure to Pay Overtime to Securities Brokers As Required By New Jersey Law)**
12                        **(Violation of <u>N.J.S.A.</u> 34:11-56a to 34:11-56a30)**

13      47.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set

14  forth herein in full.

15      48.     The New Jersey State Wage and Hour Law, <u>N.J.S.A.</u> 34:11-56a to 34:11-56a30, and its

16  implementing regulations, provides that any work in excess of forty (40) hours in any one workweek

17  shall be compensated at the rate of no less than one and one-half (1 ½) times the regular rate of pay

18  for an employee.

19      49.     New Jersey overtime law exempts from these overtime premium pay requirements

20  certain "white collar" employees employed in a bone fide executive, administrative or

21  professional capacity who are paid on a salary basis not less than a certain dollar amount.

22      50.     Neither plaintiffs nor members of the New Jersey Class are part of any group exempt

23  from the overtime requirements of New Jersey law.

24      51.     The New Jersey Wage and Hour Regulations, specifically <u>N.J.A.C.</u> 12:56-7.6, provide

25  that "[e]mployees in a bona fide executive, administrative, or professional capacity and outside sales

26  persons shall be exempt from the overtime requirements of [the New Jersey Wage and Hour

27  Regulations] - - - ."

28

                                             13

52.     The professional exemption does not apply to the plaintiffs or to the members of the New Jersey Class pursuant to <u>N.J.A.C.</u> 12:56-7.3 because the status of a securities broker is not a recognized profession in a field of science or learning or artistic endeavor, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

53.     In addition, under <u>N.J.A.C.</u> 12:56-7.3, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  Although many members of the New Jersey Class hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker.  There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

54.     Pursuant to <u>N.J.A.C.</u> 12:56-7.4, the exemption under <u>N.J.A.C.</u> 12:56-7.6 for employees employed in the capacity of outside salesman does not apply because neither plaintiffs nor the members of the New Jersey Class were, or are, outside salespersons because plaintiffs and the other members of the New Jersey Class were employed at the defendants' places of business.

55.     Pursuant to <u>N.J.A.C.</u> 12:56-7.1 and 7.2, the exemption under <u>N.J.A.C.</u> 12:56-7.6 for executive or administrative personnel does not apply to plaintiffs and the other members of the New Jersey Class since, among other reasons, their primary duties were not in management and they were not responsible for the supervision of other employees of defendants, nor were their primary duties performance of office work related to management or the internal business operations of defendants.

56.     Plaintiffs and members of the New Jersey Class, either regularly or from time to time, worked more than 40 hours per week for defendants, and received no premium pay for hours worked in excess of 40 hours per week, and thereby suffered damages.

57.     Therefore, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello demand that they and all members of the New Jersey Class be paid overtime compensation as required by the New Jersey Wage and Hour Law, <u>N.J.S.A.</u> 34:11-56a to

14

34:11-56a30 for every hour of overtime worked in any workweek during the New Jersey Class Period for which they were not compensated, plus interest and attorneys fees as provided by law.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime to Securities Brokers As Required By New York Law)
### (Violation of 12 NYCRR § 142-2.2)

58.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

59.     12 NYCRR § 142-2.2 (2005), provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

60.     New York Law requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of 40 hours a week.

61.     New York overtime law exempts from these overtime premium pay requirements certain "white collar" employees employed in a bone fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

62.     An employee is defined as "any individual employed, suffered or permitted to work by an employer in any employment." 12 NYCRR § 142-2.14 (2005).

63.     Plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John Maskubi and all other members of the New York Class employed by defendants during the New York Class Period, either regularly or from time to time, work and/or worked more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours.

64.     Plaintiffs are not part of any group exempt from the overtime requirements of New York law.

15

65.     Certain securities brokers are categorized as "commission salesmen" employees under the New York Labor Law.  "Commission salesman" is defined as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions."  N.Y. Lab. Law §190.

66.     The commissions of "commission salesmen" are "wages" within the meaning of New York Labor Law § 190 and, therefore, subject to the overtime pay requirements of 12 NYCRR § 142-2.2.

67.     Members of the New York Class, those compensated on a commission basis as well as salaried broker trainees, are thus "employees" who receive "wages" within the meaning of New York Labor Law §§ 190(1) and 12 NYCRR § 142-2.2.

68.     Under 12 NYCRR § 142-2.2, members of the New York Class, those compensated on a commission basis as well as salaried broker trainees, are not subject to the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

69.     In addition, 12 NYCRR § 142-2.14 limits the administrative exemption to employees whose primary duty consists of the "performance of office or non manual field work directly related to management policies or general operations *of such individual's employer*" and, unlike the federal regulations, does not include employees whose primary duty is to perform support functions for the employer's *customers*.

70.     Employees whose primary duty is to perform support services for the defendants' customers, for which defendants are paid, are production employees not entitled to the administrative exemption.  Specifically, the last sentence of 29 C.F.R. § 541.203(b) states that "an employee whose primary duty is selling financial products does not qualify for the administrative exemption."

71.     A defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

72.     Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry. Plaintiffs and members of the New York Class do not meet the definition of an administrative

16

1  employee contained in 12 NYCRR § 142-2.14 because their primary duty does not "consist of the

2  performance of office or non manual field work directly related to management policies or general

3  operations of such individual's employer," but rather the sale of financial products to the employer's

4  customers.

5      73.    Therefore, Plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John

6  Maskubi demand that they and all members of the New York Class be paid overtime compensation as

7  required by the New York Labor Law for every hour of overtime worked in any work week for which

8  they were not compensated, plus interest and attorneys fees as provided by law.

9  <center>**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime to Securities Brokers As Required By Connecticut Law)**
**(Violation of Connecticut General Statute § 31-60(a), 31-76(c))**</center>

10

11

12      74.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as

though fully set forth herein.

13

14      75.    Under Connecticut law, "any employer who pays or agrees to pay to an employee less

than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this

15  part." Conn. Gen. Stat. § 31-60(a).

16      76.    A "wage" is defined as "compensation for labor or services rendered by an employee,

17  whether the amount is determined on a time, task, piece, commission or other basis of calculation."

18  Conn. Gen. Stat. § 31-71a(3).

19      77.    In Connecticut, the workweek is forty hours and any time worked above that requires

20  payment at the rate of time and a half. Conn. Gen. Stat. § 31-76(c) ("No employer, except as otherwise

21  provided herein, shall employ any of his employees for a workweek longer than forty hours, unless

22  such employee receives remuneration for his employment in excess of the hours above specified at a

23  rate not less than one and one-half times the regular rate at which he is employed.").

24      78.    Plaintiff and the Connecticut Class are not exempt under Connecticut law from the

25  Connecticut overtime pay laws since they are not executives, administrators, or professionals.

26  Connecticut General Statute § 31-76i exempts from entitlement to overtime pay "(e) any person

27  employed in a bona fide executive, administrative or professional capacity as defined in the

28
<center>17</center>

Class and Collective Action Complaint

regulations of the labor commissioner issued pursuant to section 31-60." The regulations, at § 31-60-14 define "employee employed in a bona fide executive capacity" in pertinent part as:

> any employee (a) whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and (b) who customarily and regularly directs the work of two or more other employees therein; and (c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement or promotion or any other change of status of other employees will be given particular weight; and (d) who customarily and regularly exercise discretionary powers; and (e) who does not devote more than twenty percent . . . of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in subdivisions (a) to (d), inclusive, of this section . . . and (f) who is compensated for his services on a salary basis at a rate not less than . . . one hundred twenty-five dollars per week [after January 1, 1969]. . . . Any employee who is compensated on a salary basis at a rate of not less than one hundred seventy-five dollars per week . . . and whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all of the requirements of this section.

79.    There are no other exemptions applicable to Plaintiff Janemarie Lenihan and the other members of the Connecticut Class.

80.    Plaintiffs and the other members of the Connecticut Class, either regularly or from time to time, worked more than 40 hours per week for defendants, and received no premium pay for hours worked in excess of 40 hours per week, and thereby suffered damages.

81.    As a result of defendants' failure to pay overtime, Plaintiff Janemarie Lenihan and the other members of the Connecticut Class were damaged in an amount to be proven at trial.

82.    Therefore, Plaintiff Janemarie Lenihan demands that she and the other members of the Connecticut Class be paid overtime compensation as required by Connecticut labor law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

18

Class and Collective Action Complaint

**FIFTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime to Securities Brokers**
**As Required By Laws of "Other States")**

83. ·    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

84.    To the extent that the laws of States other than New Jersey, New York and Connecticut ("Other States") provide that that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee, members of the Other States Class were entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek while employed by defendants in those Other States.

85.    To the extent that the overtime laws of the Other States exempt from these overtime premium pay requirements certain "white collar" employees employed in a bone fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount, the members of the Other States Class are not part of any group exempt from the overtime requirements of the laws of the Other States.

86.    Members of the Other States Class, either regularly or from time to time, worked more than 40 hours per week for defendants, and received no premium pay for hours worked in excess of 40 hours per week, and thereby suffered damages.

87.    Therefore, the members of the Other States Class demand that they be paid overtime compensation as required by the laws of the Other States for every hour of overtime worked in any workweek during the Other States Class Period for which they were not compensated, plus interest and attorneys fees as provided by law.

**SIXTH CLAIM FOR RELIEF**
**(Impermissible Deductions from Wages of the New Jersey Class)**

88.    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

89.    The New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4 prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by

19

that statute.  Nowhere in the statute is an employer, such as Morgan Stanley, authorized to deduct from plaintiffs' pay, or the pay of similarly situated employees, wages payable to other employees of defendant.

90.     Nevertheless, defendants required Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello and members of the New Jersey Class to pay additional sums to defendants' other employees for their labor necessary to complete defendants' work.

91.     As such, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello and the New Jersey Class members incurred expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer which have not yet been reimbursed by defendants.

92.     Thus, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello and the members of the New Jersey Class were forced to contribute to the capital and expenses of the defendants' business which contributions must be refunded by defendants to each plaintiff class member.

93.     Therefore, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello demand on behalf of themselves and on behalf of the members of the New Jersey Class, reimbursement for expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, with interest and attorneys fees.

### SEVENTH CLAIM FOR RELIEF
**(Impermissible Deductions from Wages of the New York Class)**

94.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

95.     New York's Labor Law expressly prohibits an employer from making unauthorized deductions from employees' wages.  Nowhere in said statute is an employer, such as defendants, authorized to deduct from plaintiffs' pay, or the pay of similarly situated employees, wages payable to other employees of defendants.

20

96.     New York Labor Law § 193 provides:

**Deductions from wages:**

1.     No employer shall make any deductions from the wages of an employee, except deductions which:

a.     are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

b.     are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises.  Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2.     No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless

such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law § 193 (Consol. 2004).

97.     Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

98.     Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1) (Consol. 2004).

99.     Defendants made unlawful deductions from the wages paid to plaintiffs and the New York Class for expenses which were, as a matter of law, the employer's overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for defendants, (b) deductions for amounts paid to the Security Broker's secretary or sales assistant(s) for doing the business of defendants and communicating with customers, (c) deductions for marketing materials promoting defendants' business, and (d) deductions for "broken trades."  A "broken trade" is where a customer challenged a transaction done for his benefit by the Securities Broker and the trade was cancelled.  Where the cancellation of the transaction resulted in a loss, defendants deducted the

21

amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that transaction; however, if the cancellation of the transaction resulted in a gain on the transaction, defendants retained the gain for their own benefit.

100.   As such, Plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John Maskubi and the other members of the New York Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of

their employers which have not yet been reimbursed by defendants.

101.   Thus, the described deductions violate N.Y. Lab. Law § 193 because they are neither for the benefit of the employee nor of a similar type to the deductions allowable under the statute.

102.   Therefore, Plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John Maskubi demand on behalf of themselves and the other members of the New York Class, reimbursement for all deductions, expenditures or losses deducted or incurred in violation of N.Y. Lab. Law § 193, with interest and attorneys fees.

**EIGHTH CLAIM FOR RELIEF**
**(Impermissible Deductions from Wages of the Connecticut Class)**
**(Connecticut General Statute § 37-71(e))**

103.   Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

104.   Plaintiff Janemarie Lenihan and the other members of the Connecticut Class also bring claims for improper deductions from wages.  Under Connecticut law "[n]o employer may withhold or divert any portion of an employee's wages unless (1) the employer is required or empowered to do so by state or federal law, or (2) the employer has written authorization from the employee for deductions on a form approved by the commissioner, or (3) the deductions are authorized by the employee, in writing, for medical, surgical or hospital care or service, without financial benefit to the employer and recorded in the employer's wage record book." Conn. Gen. Stat. § 31-71(e).

105.   In this case, defendants improperly withheld compensation for related administrative expenses.

22

106.   Therefore, Plaintiff Janemarie Lenihan demands that defendants reimburse any members of the Connecticut Class from whom it improperly withheld a portion of their compensation in order to pay overhead expenses of the defendants, plus interest and attorneys' fees as provided by law.

### NINTH CLAIM FOR RELIEF
#### (Impermissible Deductions from Wages of the Other States Class)

107.   Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

108.   To the extent that the laws of the Other States prohibit an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by law, an employer, such as Morgan Stanley, is and was not authorized to deduct from the pay of members of the Other States Class, wages payable to other employees of defendants.

109.   Defendants required members of the Other States Class to pay additional sums to defendants' other employees for their labor necessary to complete defendants' work.

110.   As such, members of the Other States Class incurred expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer which have not yet been reimbursed by defendants.

111.   Thus, the described deductions were unlawful because they are neither for the benefit of the employee nor of a similar type to the deductions allowable under the laws of the Other States.

112.   Therefore, members of the Other States Class demand reimbursement for all deductions, expenditures or losses deducted or incurred in violation of the laws of the Other States, with interest and attorneys fees.

### TENTH CLAIM FOR RELIEF
#### (Chargebacks)

113.   Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

114.   Defendants, as a regular business practice, wrongfully charged back both commissions and the actual value of the stock losses allegedly caused by a Securities Broker through simple

23

Class and Collective Action Complaint

negligence or no fault of the Securities Broker, including chargebacks for "broken trades." A "broken trade" is where a customer challenged a transaction done for his benefit by the Securities Broker and the trade was cancelled. Where the cancellation of the transaction resulted in a loss, defendants deducted the amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that transaction; however, if the cancellation of the transaction resulted in a gain on the transaction, defendants retained the gain for their own benefit..

115. Such charge backs are prohibited by the Labor Laws of New Jersey, New York, Connecticut and the Other States.

116. Defendants systematically underpaid its Securities Broker employees by holding back a significant portion of commissions for its own purposes to pay others, and then either paying the wages later than the time required by the law or simply not paying them at all.

117. Defendants did not pay plaintiffs or the other members of the New Jersey, New York, Connecticut and Other States Classes all wages due as required by law, and still has not paid such amounts which remain due and owing and as a result the plaintiffs and members of the Classes have suffered damages.

118. Therefore, plaintiffs demand an accounting and payment of all wages due to them and to the other members of the New Jersey, New York, Connecticut and Other States Classes, plus interest and attorneys fees allowed by law.

## ELEVENTH CLAIM FOR RELIEF
### (Penalties for Violation of N.J.S.A. 34:11-4.3)

119. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full.

120. The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place.

24

121.   Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello and many of the members of the New Jersey Class have terminated their employment with defendants and defendants have not tendered payment and/or restitution of wages owed or in the manner required by New Jersey law to them and have thereby caused plaintiffs and such members of the New Jersey Class to suffer damages.

122.   Therefore, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz and Gerard Scorziello, on behalf of themselves and members of the New Jersey Class, demand appropriate penalties for defendants' failure to timely pay wages during the New Jersey Class Period.

## TWELFTH CLAIM FOR RELIEF
### (Breach of Contract)

123.   Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

124.   The conduct of the plaintiffs and members of the Classes and the defendants, including the promise of the defendants to pay plaintiffs and members of the Classes all amounts due to them in compliance with state and/or federal law in exchange for the performance by plaintiffs and the members of the Classes of the duties of their employment, including their performance of their duties as Securities Brokers and as employees in Covered Positions of defendants, constitutes a valid contract between the parties.

125.   This contract was supported by good and adequate consideration.

126.   Plaintiffs and the other members of the Classes fully performed all of the duties and obligations imposed upon them pursuant to their contracts with Morgan Stanley. The conduct of defendants in failing to pay the plaintiffs and the other members of the Classes all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties and caused plaintiffs and members of the Classes to suffer damages.

WHEREFORE, in accordance with all of the above claims in the First through Twelfth Claims for Relief, inclusive, plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the Classes and against defendants, individually, jointly and severally, for:

25

Class and Collective Action Complaint

A.    Compensatory damages, according to proof at trial, including compensatory damages and restitution for both regular and overtime compensation due plaintiffs and the other members of the Federal Collective Group and the Classes, during the applicable Federal Eligibility Period and the Class Periods plus interest thereon at the statutory rate;

B.    Restitution and reimbursement to plaintiffs and to the other members of the New Jersey, New York, Connecticut and Other States Classes of all employee expenses not reimbursed by defendants, during the New Jersey, New York, Connecticut and Other States Class Periods, including: expenses incurred to pay assistants and other employees of defendants, all commissions charged back to plaintiffs and to the other members of the New Jersey, New York, Connecticut and Other States Classes and/or all other monies either unlawfully deducted from wages or required to be paid back directly by defendants, including any gain on any incomplete or undone trades;

C.    An order temporarily, preliminarily and permanently enjoining and restraining defendants, from engaging in similar unlawful conduct as set forth herein;

D.    An order requiring defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiffs and the other members of the Federal Collective Group and the Classes;

E.    Imposition of a constructive trust upon the assets of the defendants to the extent of the sums due to plaintiffs and to the other members of the Federal Collective Group and Classes herein;

F.    Declaratory relief including declarations setting forth the rights of plaintiffs and the members of the Federal Collective Group and the Classes, as alleged in this Complaint and setting forth the defendants' violations of those rights;

G.    Interest;

H.    Reasonable attorneys fees and costs of suit; and

I.    Such other and further relief as the Court deems just and equitable; however,

J.    No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

Class and Collective Action Complaint

1        Plaintiffs demand a trial by jury for all matters so triable.

2    Dated:  November 29, 2006                      WOLF HALDENSTEIN ADLER
                                                        FREEMAN & HERZ LLP
3                                                   SCHATZ & NOBEL, P.C.

4
                                                    By _Francis M Gregorek /RRR_
5                                                      FRANCIS M. GREGOREK

6
                                                    WINNE, BANTA, HETHERINGTON,
7                                                       BASRALIAN & KAHN, P.C.
                                                    JERRY K. CIMMET
8                                                   LAW OFFICE OF JOHN M. KELSON

9
                                                    By _Jerry K. Cimmet /RRR_
10                                                     JERRY K. CIMMET

11
                                                    FOLKENFLIK & McGERITY
12                                                  SCHRADER & ISRAELY, LLP

13
                                                    By _Max Folkenflik /RRR_
14                                                     MAX FOLKENFLIK

15                                                  Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

27

Class and Collective Action Complaint

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**I (a) PLAINTIFFS**

ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, and JOHN MASKUBI

**DEFENDANTS**

MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC.

2006 NOV 29  PM 4: 04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

BERGEN COUNTY, NEW JERSEY

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

BY _____ KM _____ DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

FRANCIS M. GREGOREK, RACHELE R. RICKERT
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE: (619)239-4599

**ATTORNEYS (IF KNOWN)**

**'06CV 2628      BEN NLS**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

| | |
|---|---|
| 1 U.S. Government Plaintiff | ✓ Federal Question (U.S. Government Not a Party) |
| 2 U.S. Government Defendant | 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX For Diversity Cases Only) AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. §1331, 28 U.S.C. §1332d, 28 U.S.C. §1367

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 110 Insurance | | | 610 Agriculture | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 120 Marine | 310 Airplane | 362 Personal Injury-Medical Malpractice | 620 Other Food & Drug | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 130 Miller Act | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC881 | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 630 Liquor Laws | 830 Patent | 460 Deportation |
| 150 Recovery of Overpayment &Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 151 Medicare Act | 340 Marine | | 650 Airline Regs | **SOCIAL SECURITY** | 810 Selective Service |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 660 Occupational Safety/Health | 861 HIA (13958) | 850 Securities/Commodities Exchange |
| | | 370 Other Fraud | 690 Other | 862 Black Lung (923) | |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | **LABOR** | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | ✓ Fair Labor Standards Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 195 Contract Product Liability | | | 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | 530 General | 791 Empl. Ret. Inc. Security Act | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | | | 950 Constitutionality of State |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

| | |
|---|---|
| ✓ 1 Original Proceeding | 2 Removal from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multidistrict Litigation | 7 Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ✓ UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ✓ YES   NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE ROBERT T. BENITEZ   Docket Number 3:04-CV-1858 BEN

DATE 11/29/06   SIGNATURE OF ATTORNEY OF RECORD Rachele R. Rickert (JMA)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**ORIGINAL**

 132/94 Sa 11/29/06 $350

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 132194 - A1
November 29, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-06-CV-2628 | | 60.00 CH |
| Judge | - BENETIZ | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
ROBERT STEINBERG ET AL V.
MORGAN STANLEY & CO. ET AL
BCH 56933   SH