FRANCIS M. GREGOREK (144785)
RACHELE R. RICKERT (190634)
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

Attorneys for Plaintiffs

[Additional counsel appear on signature page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated,<br><br>                          Plaintiffs,<br><br>        vs.<br><br>MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC.,<br><br>                          Defendants. | Case No. 06-CV-2628 BEN (NLS)<br><br>**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

1    Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard

2  Scorziello, John Maskubi, Jeff Quinn and John Volpe, residents of New Jersey, Paul Roles, David

3  Andrew Gasman and Israel Harman, residents of New York, Janemarie Lenihan, a resident of

4  Connecticut, Vernon D. Brown, a resident of California, Kyle R. Armitage, a resident of Texas,

5  Joseph Stowell, Jr., a resident of Illinois and Christopher D. Bart and Eric N. Wulff, residents of Ohio

6  (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations upon

7  personal knowledge as to themselves and their own acts, and upon information and belief as to all

8  other matters.  Plaintiffs bring this class and collective action on behalf of themselves and all other

9  persons similarly situated who suffered damages as a result of the violations of the Federal Fair Labor

10  Standards Act, and the Labor Laws of each of the jurisdictions of the United States, including,

11  without limitation, the Labor Laws of New Jersey, New York, Connecticut, California, Texas, Illinois

12  and Ohio, and as a result of other wrongful conduct and improper labor practices committed by

13  Defendants Morgan Stanley & Co. Incorporated, whose address is 1585 Broadway, New York, NY

14  10036 and Morgan Stanley DW Inc., whose address is 2000 Westchester Avenue, Purchase, NY

15  10577 (hereafter collectively referred to as "Morgan Stanley" or "Defendants").

16                              **NATURE OF THE ACTION**

17    1.    Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor

18  Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.* and as a class action pursuant to Fed. R.

19  Civ. P. 23.  The persons plaintiffs seek to represent are: (a) current and former Financial Advisors

20  (also known as and sometimes referred to herein as "Security Brokers") who have been employed by

21  Morgan Stanley in the United States outside of the State of California; (b) current and former

22  Financial Advisor Trainees (also known as and sometimes referred to herein as "Security Broker

23  Trainees" or "Trainees") who have been employed by Morgan Stanley in the United States outside of

24  the State of California; and (c) current and former Producing Branch Managers, Assistant Branch

25  Managers, and Sales Managers who have been employed by Morgan Stanley anywhere in the United

26  States, including the State of California, who were and are employed by Defendants on a commission

27  basis and to whom Defendants failed and continue to fail to pay overtime for work performed in

28  excess of forty (40) hours per week as required by law and/or were and are subjected to unlawful

deductions from their pay by Defendants and/or were and are unlawfully compelled to pay for

Defendants' business expenses and/or were and are unlawfully charged back for commissions and/or the actual value of stock losses allegedly caused by them through simple negligence or through no fault of their own. The employees in the positions identified in sub-paragraphs (a), (b) and (c) of this paragraph 1 are collectively referred to herein as "Covered Positions."

2.   The group and class that Plaintiffs seek to represent are (i) the "Federal Collective Group" that consists of all individuals who were or are employed by Defendants in Covered Positions described in sub-paragraphs 1 (a) and 1 (b), above, in the United States of America outside of the State of California at any time since September 1, 2002, and who were or are employed by Defendants in Covered Positions described in sub-paragraph 1 (c), above, in the United States of America, including the State of California at any time since October 12, 2003, who timely opt-in to any such collective group (the "Federal Eligibility Period"), and (ii) the "State Law Class" consisting of all individuals employed by Defendants in Covered Positions in the United States at any time during the maximum applicable limitations periods authorized by the laws of those jurisdictions in the United States, including, without limitation, all individuals (a) employed by Defendants in Covered Positions in the State of New Jersey at any time since September 1, 1999; (b) employed by Defendants in Covered Positions in the State of New York at any time since September 9, 1999; (c) employed by Defendants in Covered Positions in the State of Connecticut at any time since May 22, 2003; (d) employed by Defendants in Covered Positions in the State of California at any time since October 12, 2002; (e) employed by Defendants in Covered Positions in the State of Texas at any time since June 23, 2002; and (f) all individuals employed by Defendants in Covered Positions in the State of Illinois at any time since August 24, 2001, (g) all individuals employed by Defendants in Covered Positions in the State of Ohio at any time since November 29, 2000 (collectively the "State Law Class Periods").

3.   Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay the Federal Collective Group overtime pay for a work week longer than forty (40) hours.

4.   Defendants violated the rights of the State Law Class as provided under the Labor Laws of each of the jurisdictions of the United States which provide for (a) an overtime payment rate for work in excess of forty (40) hours, and/or (b) prohibit deductions from wages except for those

deductions allowed by law, including, without limitation, violations of the following laws of the States of New Jersey, New York, Connecticut, California, Texas, Illinois and Ohio, as alleged hereinafter.

5.     Thus, Defendants violated the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30 (the "Wage and Hour Law"), and its implementing regulations and the public policy articulated therein, as follows:

a.     Defendants violated the Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any given workweek, by failing to pay their employees in Covered Positions in New Jersey any such overtime compensation.

b.     Defendants violated the New Jersey State Wage Payment Law, N.J.S.A. 34:11-4.4 ("Wage Payment Law"), which prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute, by impermissibly deducting monies from the compensation of their employees in Covered Positions in New Jersey to pay for support staff and other overhead expenses and/or by refusing to reimburse their employees in Covered Positions in New Jersey who had incurred such expenses at the direction and insistence of Defendants and/or by charging back earned commissions and stock losses to their employees in Covered Positions in New Jersey.

c.     Defendants violated the Wage Payment Law, N.J.S.A. 34:11-4.3, which provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place, by failing to tender payment and/or restitution of wages owed at all or in the manner required by New Jersey law to its employees in Covered Positions in New Jersey.

6.     Defendants also violated the rights of the their employees in Covered Positions in New York under New York Labor Law, the New York State Labor Department's Codes, Rules and Regulations ("NYCRR"), and the public policy articulated therein, as follows:

a.     Defendants violated 12 NYCRR §142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary

for all hours worked in excess of forty (40) hours in any given workweek by failing to pay their employees in Covered Positions in New York any such overtime compensation.

       b.     Defendants violated New York Labor Law §193 by impermissibly deducting monies from the compensation of certain of their employees in Covered Positions in New York to pay for support staff and other overhead expenses.

     7.     Defendants also violated the rights of their employees in Covered Positions in Connecticut under Connecticut Labor Law, by failing to comply with the following Connecticut laws:

       a.     Under Connecticut law, "any employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part." Conn. Gen. Stat. §31-60(a). A "wage" is defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. §31-71(a)(3).

       b.     In Connecticut, the workweek is forty (40) hours and any time worked above that requires payment at the rate of time and a half. Conn. Gen. Stat. §31-76(c) ("No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

     8.     Defendants violated the rights of their employees in Covered Positions in California under California Law, as follows:

       a.     Defendants committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, by violating the FLSA, 29 U.S.C. §207, by failing to pay their employees in Covered Positions in California overtime pay for a work week longer than forty (40) hours as hereinafter alleged. Such failure also violated Cal. Lab. Code §§510, 1194, and 1198 and IWC Wage Order 4-2001.

       b.     Defendants committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, by violating Cal. Lab. Code §2802 by failing to reimburse their employees in Covered Positions in California for necessary business expenses they incurred in the course of their employment.

- 5 -

c.    Defendants violated Cal. Lab. Code §2802 by failing to reimburse their employees in Covered Positions in California for necessary business expenses they incurred in the course of their employment.

d.    Defendants violated Cal. Lab. Code §§201, 202, and 204 by failing to pay their employees in Covered Positions in California all of their earned wages in a timely fashion.  Such employees in Covered Positions in California who are no longer employed by Morgan Stanley also are entitled to waiting time penalties pursuant to Cal. Lab. Code §203.

e.    Defendants violated Cal. Lab. Code §§221, 224 and 400-410 by taking unlawful deductions from the wages of employees in Covered Positions in California (including without limitation deductions for losses due to  trading errors and deductions for the cost of administrative support).

f.    Defendants violated Cal. Lab. Code §512(a) and IWC Wage Order 4-2001 by failing to provide employees in Covered Positions in California with required rest and meal breaks, thereby entitling such employees to additional wages under Cal. Lab. Code section 226.7.

g.    Defendants violated Cal. Lab. Code §§226(a) and 1174(d) by failing to make, keep, and provide true and accurate employment records.

9.    Defendants also violated the rights of their employees in Covered Positions in Texas under Texas Law, in that under Texas Common Law, Defendants' employees in Covered Positions in Texas were and are entitled to overtime pay for all hours worked in excess of forty (40) hours per week, which Defendants regularly and consistently failed and refused to pay.

10.    Defendants also violated the rights of their employees in Covered Positions in Illinois under Illinois Law in that Defendants violated the Illinois Minimum Wage Act ("IMWA"), 820 LCS 105/4a, which provides that employers must pay an overtime premium to employees who work in excess of forty (40) hours per week unless the employees fall into one or more express "exemptions." The IMWA incorporates the exemptions provided by the FLSA, 29 U.S.C. §201, *et seq.*, and regulations implementing the Act.  None of the exemptions to the IMWA apply to Defendants' employees in Covered Positions in Illinois, who are and were entitled to overtime pay for all hours worked in excess of forty (40) hours per week pursuant to the IMWA, which Defendants have failed and refused to pay.

- 6 -

11.     Defendants also violated the rights of their employees in Covered Positions in Ohio under Ohio Law in that Defendants violated the Ohio Revised Code §4111.03(A), which provides that employers shall pay employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of the FLSA.   Employees of Defendants in Covered Positions in the State of Ohio are "employees" as defined in Ohio Revised Code Section 4111.03(D)(3) and Defendants are "employers" as defined in Ohio Revised Code Section 4111.03(D)(2).   None of the exemptions to the Ohio Revised Code apply to Defendants' employees in Covered Positions in Ohio, who are and were entitled to overtime pay for all hours worked in excess of forty (40) hours per week pursuant to the Ohio Revised Code, which Defendants have failed and refused to pay.

12.     As a result of Defendants' violation of the FLSA and the Labor Laws of each of the jurisdictions of the United States, including, without limitation, the Labor Laws of New Jersey, New York, Connecticut, California, Texas, Illinois and Ohio, Plaintiffs and the members of the Federal Collective Group and the members of the State Law Class were unlawfully and grossly under-compensated for their work.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. §1367, supplemental jurisdiction of state law claims.

14.     Venue is proper under 28 U.S.C. §1391(b)(1) and §1391(c) because the named Defendants are resident in this District.

**PARTIES**

15.     During the Federal Eligibility Period, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Israel Harman, John Maskubi, Janemarie Lenihan, David Andrew Gasman, Paul Roles, Vernon D. Brown, Kyle R. Armitage, Joseph Stowell, Jr., Christopher D. Bart and Eric N. Wulff were employed by Morgan Stanley in Covered Positions in the United States.

16.     During the State Law Class Periods Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn and John Volpe were employed by Morgan Stanley in Covered Positions in the State of New Jersey, Plaintiffs Paul Roles, David Andrew Gasman, Israel Harman and John Maskubi were employed by Morgan Stanley in Covered Positions in the State of New York, Plaintiff Janemarie Lenihan was employed by Morgan Stanley in a Covered Position in the State of Connecticut, Plaintiff Vernon D. Brown was employed by Morgan Stanley in a Covered Position in the State of California, Plaintiff Kyle R. Armitage was employed by Morgan Stanley in a Covered Position in the State of Texas, Plaintiff Joseph Stowell, Jr. was employed by Morgan Stanley in a Covered Position in the State of Illinois and Plaintiffs Christopher D. Bart and Eric N. Wulff were employed by Morgan Stanley in Covered Positions in the State of Ohio.

17.     During the Federal Eligibility and State Law Class Periods, Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley DW Inc., were and are wholly owned subsidiaries of Morgan Stanley, a corporation, and were and are Delaware corporations with their principal places of business in the State of New York.  Morgan Stanley does business in all the jurisdictions of the United States as a NASD registered securities brokerage firm with offices located nation-wide throughout the United States, including the States of California, New Jersey, New York, Connecticut, Texas, Illinois. and Ohio, Morgan Stanley employs thousands of persons in Covered Positions throughout the United States with over 50,000 employees working in over 600 offices.  At any one time, Plaintiffs estimate that the Federal Collective Group and State Law Class each exceeded and continue to exceed 500 total Covered Positions and far exceeded and continue to exceed that amount during the Federal Eligibility and State Law Class Periods.

18.     Plaintiffs, upon information and belief, allege that during the Federal Eligibility and State Law Class Periods, each Defendant was the agent of the other Defendant, and in performing the acts alleged in this Complaint, was acting within the course and scope of that agency.  Thus, any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."  Defendants are individually, jointly and severally liable as the employers of the Plaintiffs and each plaintiff class member because each Defendant, either directly or indirectly, or through an agent or another person, employed or exercised control over the wages, hours and working conditions of Plaintiffs.

Case No. 06-CV-2628 BEN (NLS)

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Paul Roles, David Andrew Gasman, Israel Harman, John Maskubi, Janemarie Lenihan, Vernon D. Brown, Kyle R. Armitage, Joseph Stowell, Jr., Christopher D. Bart and Eric N. Wulff bring this action on behalf of themselves, and the Federal Collective Group pursuant to the FLSA, 29 U.S.C. §216(b), and on behalf of themselves and the State Law Class pursuant to Fed. R. Civ. P. 23.

20.     Plaintiffs are informed and believe that there are thousands of members of the State Law Class and thousands of members of the Federal Collective Group, and each Class and Group is so numerous that joinder is impractical.

21.     There is a well-defined community of interest in the questions of law and fact affecting the Federal Collective Group and the State Law Class.  The following questions of law and fact common to the Federal Collective Group and to the State Law Class predominate over questions which may affect only individual members of the Federal Collective Group and the State Law Class:

a.     Whether Defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA, 29 U.S.C. §207, and failed to adequately compensate the members of the State Law Class for overtime hours worked as required by the labor laws of the States and jurisdictions of the United States, including, without limitation, Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30, 12 NYCRR §142-2.2, Conn. Gen. Stat. §31-76(c), Cal. Lab. Code §§203 and 2802, Texas Common Law, IMWA, 820 LCS 105/4a and Ohio Revised Code §4111.03(A), because Plaintiffs and the other members of the Federal Collective Group and the State Law Class are not exempt employees under the FLSA or the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New Jersey, New York, Connecticut, California, Texas, Illinois and Ohio.

b.     Whether Defendants wrongfully deducted monies from the wages of the members of the State Law Class and/or otherwise required members of the State Law Class to pay for support staff and other overhead expenses and/or reversed trades in violation of the Labor Laws of the States and jurisdictions of the United States, including, without limitation, Wage Payment Law, N.J.S.A. 34:11-4.4, New York Labor Law §193, Conn. Gen. Stat. §31-71(e), and Cal. Lab. Code

§§203 and 2802.

       c.     Whether Defendants violated the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Wage Payment Law, N.J.S.A. 34:11-4.3, which provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place, by failing to tender payment and/or restitution of wages owed or in the manner required by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New Jersey law, to the State Law Class.

       d.     Whether the members of the State Law Class who are no longer employed by Morgan Stanley, including, without limitation, members of the State Law Class employed in Covered Positions in California, are entitled to waiting time penalties pursuant to the Labor Laws of the States and jurisdictions of the United States, including, without limitation, Cal. Lab. Code §203.

       e.     Whether Defendants committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by violating the FLSA, 29 U.S.C. §207, by failing to pay the members of the State Law Class employed in Covered Positions in California overtime pay for a work week longer than forty (40) hours as hereinafter alleged, and by violating Cal. Lab. Code §2802 by failing to reimburse members of the State Law Class employed in Covered Positions in California for necessary business expenses they incurred in the course of their employment.

       f.     Whether the members of the Federal Collective Group and the State Law Class have been damaged and, if so, the extent of such damages.

     22.     As employees of Defendants, which failed to adequately compensate Plaintiffs for overtime hours worked as required by law and improperly charged them for expenses, Plaintiffs assert claims that are typical of the claims of the Federal Collective Group and the State Law Class. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group and the State Law Class and have no interests antagonistic to those of the other members of the Federal Collective Group and the State Law Class.  Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

Case No. 06-CV-2628 BEN (NLS)

23.     Plaintiffs and other members of the Federal Collective Group and the State Law Class have suffered damages as a result of Defendants' wrongful conduct.  Because of the size of the claims of the individual members of the Federal Collective Group and the State Law Class, few, if any, members of the Federal Collective Group and the State Law Class could afford to seek legal redress for the wrongs complained of herein.  A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a collective and class action, the members of the Federal Collective Group and the State Law Class likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the FLSA, 29 U.S.C. §207, and the Labor Laws of the States and jurisdictions of the United States, including, without limitation, N.J.S.A. §§34:11-56a through 34:11:56a30 and 34:11-4.4, New York Labor Law §193 and 12 NYCRR §142-2.2, Conn. Gen. Stat. §§31-76(c) and 31-71(e), California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 and Cal. Lab. Code §§ 201, 202, 203, 204, 221, 224, 400-410, 510, 512(a), 1194, 1198, and 2802, Texas Common Law, IMWA, 820 LCS 105/4a and Ohio Revised Code §4111.03(A).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24.     Defendants sold (and continue to sell) securities and other financial products nationwide.

25.     Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Paul Roles, David Andrew Gasman, Israel Harman, John Maskubi, Janemarie Lenihan, Kyle R. Armitage, Joseph Stowell, Jr., Christopher D. Bart and Eric N. Wulff were inside sales persons whom Defendants paid on a commission basis without any premium for overtime pay as required by law.

26.     Plaintiff Vernon D. Brown was an Assistant Branch Manager.  Despite his title, Plaintiff Brown performed almost no managerial work.  Instead, Plaintiff Brown's duties and compensation were nearly identical to those of a Financial Advisor.  Plaintiff Brown's primary duty was selling financial products, for which he was compensated almost entirely by sales commissions.

27.     Defendants required every Securities Broker member of the State Law Class to pay additional wages to their assistant(s) for conducting the Defendants' business.

Case No. 06-CV-2628 BEN (NLS)

28.     Defendants also charged and/or refused to compensate the members of the State Law Class for other costs of doing business.

29.     If a customer challenged the transactions done for their benefit by the Securities Broker members of the State Law Class, Defendants deducted the amount of any loss from the commissions due to the Securities Broker for both the actual losses incurred by the customer and any commission paid on that transaction.

30.     Neither Plaintiffs, nor the other members of the Federal Collective Group and the State Law Class, were or are part of any group exempt from the overtime requirements of Federal Law or the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New Jersey, New York, Connecticut, California, Texas, Illinois or Ohio.

31.     Members of the State Law Class were and are not "professionals" and did not perform executive or administrative functions as defined by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, Wage & Hour Law §§12:56-7.1 through 7.6, 12 NYCRR §§142.2.14(c)(4)(iii) and 142-2.14(c)(4)(i) and 142-2.14(c)(ii), Connecticut regulation §31-60-14, the Cal. Lab. Code and regulations and orders implementing the Code, Texas Common Law, IMWA, 820 LCS 105/4a and Ohio Revised Code §4111.03(A).

32.     Plaintiffs and other members of the Federal Collective Group and the State Law Class were not (and are not) outside salesmen as defined in the FLSA and the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New Jersey, New York, Connecticut, California, Texas, Illinois and Ohio, since they performed their sales functions inside Defendants' offices.

### FIRST CLAIM FOR RELIEF
**Restitution for Failure to Pay Overtime to the Federal Collective Group**
**(Violation of FLSA §207)**

33.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

34.     Section 207(a)(1) of the FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in

excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1) (2005).

35.    Section 207(i) of the FLSA provides for certain exemptions from the above provision:

No employer shall be deemed to have violated subsection (a) of this section – [mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title [29 U.S.C. § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. §207(i) (2005) (emphasis added).

36.    The Section 207(i) exemption does not apply to the Federal Collective Group herein because brokerage houses do not qualify as "retail or service establishments."  Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 C.F.R. §779.317 (2005).  Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] … securities dealers." *Id.*

37.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide **executive**, **administrative**, or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of title 5 except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. §213(a)(1) (2005) (emphasis added).

38.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who work on commission, are not employed in a bona fide professional capacity.

39.    The professional exemption does not apply to Plaintiffs and the other members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a

- 13 -

field of science or learning, and the skills are acquired through experience, an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

40. In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Collective Group hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of Defendants.

41. The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither Plaintiffs, nor the other members of the Federal Collective Group, were, or are, outside salespersons because Plaintiffs and the other members of the Federal Collective Group were employed at the Defendants' places of business.

42. The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of Defendants.

43. The Federal Collective Group under the FLSA includes all securities broker employees of Defendants in Covered Positions in the United States.

44. For purposes of the FLSA, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

45. There are no other exemptions applicable to Plaintiffs and/or the other members of the Federal Collective Group.

46. Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Israel Harman, John Maskubi, Janemarie Lenihan, Paul Andrew Gasman, Paul Roles, Vernon D. Brown, Kyle R. Armitage, Joseph Stowell, Jr., Christopher D. Bart, Eric N. Wulff, and the other members of the Federal Collective Group, either regularly or from time to time, worked more than forty (40) hours per week for Defendants, and received no premium pay for hours worked in excess of forty (40) hours per week.

- 14 -

47.    In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to Plaintiffs and the other members of the Federal Collective Group.

48.    As a result of Defendants' failure to pay overtime, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Israel Harman, John Maskubi, Janemarie Lenihan, David Andrew Gasman, Paul Roles, Vernon D. Brown, Kyle R. Armitage, Joseph Stowell, Jr. , Christopher D. Bart, Eric N. Wulff, and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

49.    Therefore, Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Israel Harman, John Maskubi, Janemarie Lenihan, David Andrew Gasman, Paul Roles, Vernon D. Brown, Kyle R. Armitage, Joseph Stowell, Jr., Christopher D. Bart and Eric N. Wulff demand that they and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime to Members of the State Law Class)

50.    Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

51.    The laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New Jersey, New York, Connecticut, California, Texas, Illinois and Ohio, provide that that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee.  As such, Plaintiffs and the other members of the State Law Class are entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek while employed by Defendants in such Covered positions in such States and jurisdictions of the United States.

52.    For example, the Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, and its implementing regulations, provides that any work in excess of forty (40) hours in any one workweek

Case No. 06-CV-2628 BEN (NLS)

shall be compensated at the rate of no less than one and one-half (1-½) times the regular rate of pay for an employee.

53.     Similarly, New York law, 12 NYCRR §142-2.2 (2005), requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of forty (40) hours a week to non-exempt employees.

54.     Likewise, Connecticut law, Conn. Gen. Stat. §31-76(c), prohibits employment of non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives overtime compensation of one and one half times the regular rate at which he is employed for all hours worked in excess of forty (40) hours a week.

55.     California law also requires employers to pay overtime compensation at one and one half times the regular rate for all hours worked in excess of eight (8) hours in a day, forty (40) hours a week, or for the first eight (8) hours worked on the seventh day of work in a week to non-exempt employees, and to pay overtime compensation at two times the regular rate for all hours worked in excess of twelve (12) hours in a day or more than eight (8) hours in a day on the seventh day of work in a week to non-exempt employees.  Cal. Lab. Code §§510, 1194, and 1198, and IWC Wage Order 4-2001.

56.     In addition, in California, the Cal. Bus. & Prof. Code §17200, *et seq.,* proscribes any unlawful, unfair or fraudulent business act or practice.  Morgan Stanley's failure to pay members of the State Law Class employed in Covered Positions in California overtime wages due under the FLSA at a rate not less than one and one-half times the regular rate at which such employees are employed constitutes an unlawful business act or practice, in violation of Cal. Bus. & Prof. Code §17200, *et seq.*

57.     Under Texas Common Law, an employee is entitled to overtime pay for all hours worked in excess of forty (40) hours per week and all unpaid overtime pay is a debt of the employer.

58.     Further, the IMWA, 820 LCS 105/4a, prohibits employment of non-exempt employees for a workweek of more than forty (40) hours unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than 1.5 times the regular rate at which such employee is employed.

59.     The Ohio Revised Code §4111.03(A) provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours

worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §207, 213, as amended."

60.    The overtime laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New Jersey, New York, Connecticut, California, Illinois and Ohio, exempt from these overtime premium pay requirements certain "white collar" employees employed in a bona fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

61.    Neither Plaintiffs, nor members of the State Law Class, are part of any group exempt from the overtime requirements of the laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New Jersey, New York, Connecticut, California, Illinois and Ohio, and the Texas Common Law.

62.    The professional exemption does not apply to the Plaintiffs or to the other members of the State Law Class because the status of a securities broker is not a recognized profession in a field of science or learning or artistic endeavor, and the skills are acquired through experience, an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning. (*See*, *e.g.*, N.J.A.C. 12:56-7.3.)

63.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. (*See, e.g.,* N.J.A.C. 12:56-7.3.)  Although many members of the State Law Class hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker.  There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of Defendants.

64.    Any exemption under the laws of the States and jurisdictions of the United States for executive or administrative personnel does not apply to Plaintiffs and the other members of the State Law Class since, among other reasons, their primary duties were not in management and they were not responsible for the supervision of other employees of Defendants, nor were their primary duties

- 17 -

the performance of office work related to management or the internal business operations of Defendants, but rather were the sale of financial products to the Defendant-employers' customers.

65.     Any exemption under overtime laws of the States and jurisdictions of the United States for employees employed in the capacity of outside salesman does not apply because neither Plaintiffs, nor the other members of the State Law Class, were, or are, outside salespersons because Plaintiffs and the other members of the State Law Class were employed at the Defendants' places of business.

66.     Plaintiffs and all other members of the State Law Class employed by Defendants during the State Law Class Period, either regularly or from time to time, worked and/or work more than forty (40) hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of forty (40) hours, and as a result thereof, suffered damages.

67.     Pursuant to the California Labor Code Private Attorneys General Act of 2004, and specifically Cal. Lab. Code §2699(a), Plaintiffs seek to recover civil penalties from Defendants on behalf of all individuals who were or are employed in Covered Positions in California and on behalf of the State of California because of Defendants' violations of California Labor Law, including, without limitation, the violations of Cal. Lab. Code §§510, 1194, and 1198 alleged herein, in amounts to be determined at trial.  A portion of said penalties may be required to be distributed to the California Labor and Workforce Development Agency pursuant to Cal. Lab. Code §§2699(i) and (j).

68.     Therefore, Plaintiffs demand that they and all other members of the State Law Class be paid overtime compensation as required by the overtime laws of the States and jurisdictions of the United States, including, without limitation, the Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, NYCRR §142-2.2 (2005), Conn. Gen. Stat. §31-76(c), Texas Common Law, the IMWA, 820 LCS 105/4a, Cal. Lab. Code §§510, 1194 and 1198, IWC Wage Order 4-2001, and Ohio Revised Code §4111.03(A), and that members of the State Law Class employed in Covered Positions in California be compensated for Defendants' unlawful business acts and practices, under Cal. Bus. & Prof. Code §17200, for every hour of overtime worked in any workweek during the State Law Class Periods for which they were not so compensated, plus interest and attorneys' fees as provided by law.

## THIRD CLAIM FOR RELIEF
### (Impermissible Deductions and Delay in Payments to the State Law Class)

69.   Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

70.   The laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New Jersey, New York, Connecticut and California, prohibit an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by law.

71.   For example, the Wage Payment Law, N.J.S.A. 34:11-4.4, prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute.  Nowhere in the statute are employers, such as Defendants herein, authorized to deduct from the pay of employees, such as Plaintiffs, or from the pay of similarly situated employees, wages payable to other employees of Defendants.

72.   Similarly, New York Labor Law §193 expressly prohibits an employer from making unauthorized deductions from employees' wages; thus, deductions are prohibited unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to enumerated categories of permissible deductions.  Nowhere in said statute are employers, such as Defendants, authorized to deduct from the pay of employees such as Plaintiffs, or from the pay of similarly situated employees, wages payable to other employees of Defendants.

73.   Likewise, under Connecticut law "[n]o employer may withhold or divert any portion of an employee's wages unless (1) the employer is required or empowered to do so by state or federal law, or (2) the employer has written authorization from the employee for deductions on a form approved by the commissioner, or (3) the deductions are authorized by the employee, in writing, for medical, surgical or hospital care or service, without financial benefit to the employer and recorded in the employer's wage record book."  Conn. Gen. Stat. §31-71(e).

74.   Further, Cal. Bus. & Prof. Code §17200, *et seq.* proscribes any unlawful, unfair or fraudulent business act or practice.  Morgan Stanley's failure to reimburse members of the State Law Class employed in Covered Positions in California for necessary business expenses they incurred in the course of their employment violates Cal. Lab. Code §§221, 224, 400-410, and 2802, which also

- 19 -

makes such failure an act of unfair competition under Cal. Bus. & Prof. Code §17200, *et seq.*

75.     Defendants made unlawful deductions from the wages paid to Plaintiffs and the other members of the State Law Class and/or required Plaintiffs and the other members of the State Law Class to pay for expenses which were, as a matter of law, the employers' overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendants, (b) deductions for amounts paid to the Securities Broker's secretary or sales assistant(s) for conducting Defendants' business  and communicating with customers, (c) deductions for marketing materials promoting Defendants' business, and (d) deductions for "broken trades."  A "broken trade" is where a customer challenged a transaction done for his benefit by the Securities Broker and the trade was cancelled.  Where the cancellation of the transaction resulted in a loss, Defendants deducted the amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that transaction; however, if the cancellation of the transaction resulted in a gain on the transaction, Defendants retained the gain for their own benefit.

76.     Thus, Plaintiffs and the other members of the State Law Class were forced to incur expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, which have not yet been reimbursed by Defendants.  As such, Plaintiffs and the other members of the State Law Class were forced to contribute to the capital and expenses of the Defendants' business which contributions must be refunded by Defendants to each Plaintiff and to each member of the State Law Class.

77.     The described deductions violate the laws of the States and jurisdictions of the United States, including, without limitation, the Wage Payment Law, N.J.S.A. 34:11-4.4, N.Y. Lab. Law §193, Conn. Gen. Stat. §31-71(e) and Cal. Lab. Code §§221, 224, 400-410, and 2802, because they are not for the benefit of the employees, not authorized by law and/or not of a similar type to the deductions allowable under the statutes.

78.     Defendants have also failed to pay plaintiffs and other members of the State Law Class their earned wages in a timely fashion, in violation of the laws of many States and jurisdictions of the United States.  For example, California law requires that employees be paid their earned wages in a timely fashion.  Cal. Lab. Code §§201, *et seq.*  Likewise, the laws of New Jersey (N.J.S.A. 34:11-4.3) and California (Cal. Lab. Code §201, *et seq.*), provide that when an employee is discharged or

- 20 -

terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines.

79.     Pursuant to the California Labor Code Private Attorneys General Act of 2004, and specifically Cal. Lab. Code §2699(a), Plaintiffs seek to recover civil penalties from Defendants on behalf of all individuals who were or are employed in Covered Positions in California and on behalf of the State of California because of Defendants' violations of California Labor Law, including, without limitation, the violations of Cal. Lab. Code §§201, *et seq.*, 221, 224, 400-410, and 2802 alleged herein, in amounts to be determined at trial. A portion of said penalties may be required to be distributed to the California Labor and Workforce Development Agency pursuant to Cal. Lab. Code §§2699(i) and (j).

80.     Therefore, Plaintiffs demand, on behalf of themselves and the other members of the State Law Class, an accounting and reimbursement for all deductions, expenditures or losses deducted or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, in violation of the laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New Jersey, New York, Connecticut and California, with interest and attorneys' fees, and further demand, on behalf of themselves and the other members of the State Law Class, appropriate penalties, if applicable, under the laws of the States and jurisdictions of the United States, for Defendants' failure to timely pay wages during the State Law Class Periods, including all applicable penalties on behalf of members of the State Law Class who were or are employed in Covered Positions in California for violations of the Cal. Lab. Code, pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code §§2698, *et seq.*

### FOURTH CLAIM FOR RELIEF
**(Failure to Provide or Compensate For Rest and Meal Breaks)**

81.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

82.     Defendants violated the laws of many States and jurisdictions of the United States, including but not limited to Cal. Lab. Code §§226.7 and 521(a) and IWC Wage Order 4-2001, by

failing to provide employees who were or are employed in Covered Positions with required rest and meal breaks.

83.   Pursuant to the California Labor Code Private Attorneys General Act of 2004, and specifically Cal. Lab. Code §2699(a), Plaintiffs seek to recover civil penalties from Defendants on behalf of all individuals who were or are employed in Covered Positions in California and on behalf of the State of California because of Defendants' violations of California Labor Law, including, without limitation, the violations of Cal. Lab. Code §521(a) alleged herein, in amounts to be determined at trial.  A portion of said penalties may be required to be distributed to the California Labor and Workforce Development Agency pursuant to Cal. Lab. Code §§2699(i) and (j).

### FIFTH CLAIM FOR RELIEF
### (Failure to Make, Keep, and Provide Accurate Records)

84.   Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

85.   Defendants violated the laws of many States and jurisdictions of the United States, including but not limited to Cal. Lab. Code §§226(a) and 1174(d), by failing to make, keep, and provide true and accurate employment records relating to members of the State Law Class.

86.   Pursuant to the California Labor Code Private Attorneys General Act of 2004, and specifically Cal. Lab. Code §2699(a), Plaintiffs seek to recover civil penalties from Defendants on behalf of all individuals who were or are employed in Covered Positions in California and on behalf of the State of California because of Defendants' violations of California Labor Law, including, without limitation, the violations of Cal. Lab. Code §§226(a) and 1174(d) alleged herein, in amounts to be determined at trial.  A portion of said penalties may be required to be distributed to the California Labor and Workforce Development Agency pursuant to Cal. Lab. Code §§2699(i) and (j).

**WHEREFORE**, in accordance with all of the above claims in the First through Third Claims for Relief, inclusive, Plaintiffs, on behalf of themselves and the other members of the Federal Collective Group and the State Law Class, demand judgment in their favor against Defendants, individually, jointly and severally, for:

A.   Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law

- 22 -

Class during the applicable Federal Eligibility Period and the State Law Class Periods, plus interest thereon at the statutory rate;

B.      Restitution and reimbursement to Plaintiffs and the other members of the State Law Class of all employee expenses not reimbursed by Defendants during the State Law Class Periods, including, without limitation:  expenses incurred to pay assistants and other employees of Defendants, all commissions charged back to Plaintiffs and  the other members of the State Law Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by Defendants, including any gain on any incomplete or undone trades;

C.      An order temporarily, preliminarily and permanently enjoining and restraining Defendants from engaging in similar unlawful conduct as set forth herein;

D.      An order requiring Defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

E.      Imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

F.      Appropriate penalties, as may be applicable, under the laws of the States and jurisdictions of the United States, for Defendants' failure to timely pay wages, impermissible deductions from the compensation of employees in Covered Positions, failure to pay proper overtime wages, failure to provide required meal or rest periods, and failure to make, keep, and provide true and accurate employment records during the State Law Class Periods.

G.      All applicable penalties on behalf of members of the Federal Collective Group and State Law Class, including but not limited to penalties available under the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code §§2698, *et seq.*

H.      Interest;

I.      Reasonable attorneys' fees, litigation expenses and costs of suit; and

J.      Such other and further relief as the Court deems just and equitable; however,

K.      No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

- 23 -

1    **Plaintiffs demand a trial by jury for all matters so triable.**

2    DATED:  December 27, 2007                    Respectfully submitted,

3

4                                                _Jeffrey G. Smith /mcu_
                                                 Jeffrey G. Smith
5                                                Robert Abrams
                                                 WOLF HALDENSTEIN ADLER FREEMAN
6                                                  & HERZ LLP
                                                 270 Madison Avenue
7                                                New York, NY 10016
                                                 Telephone:  212/545-4600
8                                                _Max Folkenflik /mcu_
                                                 Max Folkenflik
9                                                FOLKENFLIK & MCGERITY
                                                 1500 Broadway, 21st Floor
10                                               New York, NY 10036
                                                 Telephone:  212/757-0400
11
                                                 SCHRADER & ISRAELY, LLP
12                                               39 Broadway, 26th Floor
                                                 New York, NY 10006
13                                               Telephone:  212/240-2282
                                                 _Edward P. D'Alessio /mcu_
14                                               Edward P. D'Alessio
15                                               WINNE, BANTA, HETHERINGTON,
                                                   BASRALIAN & KAHN
16                                               Court Plaza South
                                                 21 Main Street
17                                               Hackensack, NJ 07601
                                                 Telephone:  201/562-1022
18                                               _John M. Kelson /mcu_
19                                               John M. Kelson
                                                 1999 Harrison Street, Suite 700
20                                               Oakland, CA 94612
                                                 Telephone:  510/465-1326
21                                               _Jerry K. Cimmet /mcu_
22                                               Jerry K. Cimmet
                                                 177 Bovet Road, Suite 600
23                                               San Mateo, CA 94402
                                                 Telephone:  650/866-4700
24

25

26

27

28                                      - 24 -

DATED:  December 27, 2007

*James F. Clapp /mcl*

James F. Clapp
J. Kirk Donnelly
Marita Murphy Lauinger
DOSTART CLAPP GORDON
  & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone:  858/623-4200

*David Strauss /mcl*

David Strauss
STRAUSS & ASHER
1111 South Sixth Avenue, Suite 404
San Diego, CA 92101
Telephone:  619/237-5300

*Jack L. Haan /mcl*

Jack L. Haan
James J. Eccleston
SHAHEEN NOVOSELSKY STAAT
  FILIPOWSKI & ECCLESTON PC
20 N. Wacker Drive, Suite 2900
Chicago, IL 60606
Telephone:  312/621-4400

Charles Watkins
FUTTERMAN HOWARD WATKINS WYLIE
  & ASHLEY, CHTD.
122 S. Michigan Avenue, Suite 1800
Chicago, IL 60603
Telephone:  312/427-6300

DURRETTE BRADSHAW, PLC
Main Street Centre
600 East Main Street, Twentieth Floor
Richmond, VA 23219
Telephone:  804/775-6900

THE COFFMAN LAW FIRM
1240 Orleans Street, Suite 200
Beaumont, TX 77701
Telephone:  409/832-4767

DIAMOND HASSER & FROST
1325 Dauphine Street
Mobile, AL 36604
Telephone:  251/432-3362

Case No. 06-CV-2628 BEN (NLS)

DATED:  December 27, 2007

Gary Lynch
CARLSON LYNCH LTD.
36 N. Jefferson St.
P.O. Box 7635
New Castle, PA 16107
Telephone:  724/656-1555

Bruce H. Nagel
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone:  973/618-0400

Attorneys for Plaintiffs ROBERT STEINBERG,
ROBERT N. ADLER, FRANK V. FINIZIA,
BRIAN C. LATZ, GERARD SCORZIELLO,
JEFF QUINN, JOHN VOLPE, PAUL ROLES,
JANEMARIE LENIHAN, DAVID ANDREW
GASMAN, ISRAEL HARMAN,  JOHN
MASKUBI, VERNON D. BROWN, JOSEPH
STOWELL, JR., KYLE R. ARMITAGE,
CHRISTOPHER D. BART, and ERIC N.
WULFF, on behalf of themselves, the general
public, and all others similarly situated

MORGAN STANLEY:15445.CPT

- 26 -