1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC.,<br><br>    Defendants. | CASE NO. 3:06-cv-02628-BEN-NLS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFF ENHANCEMENTS AND FINAL JUDGMENT**<br><br><br>DATE:   June 1, 2009<br>TIME:   10:30 a.m.<br>CTRM:  3, 4th Floor<br>JUDGE: HON. ROGER T. BENITEZ |

Upon a review of the May 1, 2009 Joint Status Report Regarding Results Of Notice Program To Provide Class Members An Additional Opportunity To Submit Claims To Participate In The Settlement (the "Joint Status Report"), the exhibits thereto, and the briefing submitted in connection with the November 3, 2008 hearing, the hearing before this Court on November 3, 2008, the January 20, 2009 filing by plaintiffs' counsel with respect to itemized fee and expense documentation, and all the proceedings herein, the Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the "Joint Stipulation and Settlement Agreement" ("Stipulation"), Docket No. 15.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class, which consists of 20,063 members, is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) the Class Representatives' claims are typical of the claims of the Class Members; (4) Class Counsel have fairly and adequately protected the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. This Order shall not be cited in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

4. The Court finds that the distribution of the "Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement," as described in the Declaration of Jonathan Paul, representative of Rust Consulting, and the Publication of the Summary Notice in the *Wall Street Journal*, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

5. The Court finds that the Settlement, as modified by the March 4, 2009 order of this Court and the agreements among the parties set forth in the May 1, 2009 Joint Status Report, is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the Settlement. The Court finds that the Settlement was the product of protracted, arm's-length and non-collusive negotiations between experienced counsel. The Court has carefully weighed the

1  factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and concludes that the Settlement is fundamentally fair and reasonable in light of the uncertainty of Plaintiffs' claims and the risks and costs associated with further litigation.  The parties are ordered to carry out the Settlement as provided in the Stipulation.

6.  The Court finds that there was only one (1) written objection to the Settlement, filed by Abraham David Goldstein, Docket No. 30.  The Court finds that Mr. Goldstein's objection is without merit and is overruled.

7.  Plaintiffs' counsel have moved for an award of attorneys' fees in the amount of $12,500,000, which represents 25% of the settlement fund, plus litigation expenses in the amount of $100,000.  That motion is granted. The Court finds that Plaintiffs' counsel have skillfully advanced novel and untested legal theories on a contingent-fee basis for over three years, and their efforts have resulted in a substantial payment to the Class.  The Court has carefully considered the results Plaintiffs' counsel have achieved, the risk of litigation, the skill required and the quality of the work, the contingent nature of the fee and the financial burden carried by Plaintiffs' counsel, and awards made in similar cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Additionally, the Court notes that the "benchmark" fee in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  The Court further finds that Plaintiffs' counsel's expenses were reasonably incurred in prosecuting this case.  To the extent that Mr. Goldstein's objection may be construed as an objection to the proposed attorneys' fees, that objection is overruled.  Pursuant to Section VI, paragraph 2.9.1 of the Stipulation, Morgan Stanley shall wire the attorneys' fees and litigation expenses to the law firm of Wolf Haldenstein Adler Freeman & Herz LLP within 20 days after the Effective Date, with such amount to be further divided as provided below amongst all Plaintiffs' counsel as promptly as feasible in light of the agreements among counsel, including agreements to mediate/arbitrate.  This Court retains jurisdiction to determine any disputes among counsel that are not resolved under those agreements.

| Recipient of Funds | Amount | For the Benefit Of: |
|---|---|---|
| An escrow account to be designated under the joint control of Jeffrey G. Smith, Jerry K. Cimmet, and Max | 47.2% of the fees awarded plus expenses to be awarded in | Wolf Haldenstein Adler Freeman & Herz, LLP;  Law Office of Jerry K. Cimmet; Law Office of John M. Kelson; Folkenflik & McGerity; and |

| | | |
|---|---|---|
| Folkenflik | proportion to the amounts sought | Winne, Banta, Hetherington, Basralian & Kahn, P.C. |
| Dostart Clapp Gordon & Coveney, LLP | 47.2% of the fees awarded plus expenses to be awarded in proportion to the amounts sought | Dostart Clapp Gordon & Coveney, LLP and Strauss & Asher |
| Futterman Howard Watkins Wylie & Ashley, Chtd. | 4.72% of the fees awarded plus expenses to be awarded in proportion to the amounts sought. | Futterman Howard Watkins Wylie & Ashley, Chtd; The Coffman Law Firm; DurretteBradshaw, PLC; Shaheen Novoselsky Staat Filipowski & Eccleston P.C.; Diamond Hasser & Frost; and Nagel Rice, LLP |
| Carlson Lynch | 0.88% | Carlson Lynch |

8. Pursuant to Section VI, paragraph 2.9.1 of the Stipulation, the law firm of Wolf Haldenstein Adler Freeman & Herz LLP shall provide counsel for Morgan Stanley with the pertinent taxpayer identification numbers and Form W-9s for reporting purposes in time for Morgan Stanley to timely undertake such reporting.

9. Pursuant to Section VI, paragraph 2.9.2 of the Stipulation, Plaintiffs' counsel have requested that the Court award enhancement payments of $20,000 each to the 17 named Plaintiffs and $2,500 each to the 41 Key Class Members, provided the named Plaintiffs and/or Key Class Members sign a full, general, and comprehensive release of the Class Representatives' Released Claims as set forth in Section VI, paragraph 1.11 and Exhibit 9 of the Stipulation. After considering the services these individuals performed on behalf of the Class and the risks they undertook in bringing the litigation, the Court hereby approves such payments to each such individual whose signed general release has been submitted to the Claims Administrator and counsel for Morgan Stanley.

10. The Court hereby approves the payment of up to $300,000 to the Claims Administrator, Rust Consulting, from the settlement fund as full compensation for its services in administering the Settlement. The Court also approves the request by Wolf Haldenstein Adler Freeman & Herz LLP for reimbursement from the settlement fund of the $16,005.20 it paid to JAMS for the services of Judge Legge.

- 3 –
ORDER GRANTING FINAL APPROVAL                                CASE NO. 06-CV-2628 BEN (NLS)

1    11.   The Court will retain jurisdiction for purposes of enforcing this Settlement,
2 addressing settlement administration matters, and addressing such post-judgment matters as may
3 be appropriate under court rules or applicable law.

   IT IS SO ORDERED.

DATED: July 10, 2009

_____
HON. ROGER T. BENITEZ
U.S. District Court Judge

543618

83394.1