# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT STEINBERG; et al., | CASE NO. 06-CV-02628 BEN (NLS) |
|---|---|
| Plaintiffs, | ORDER CONFIRMING ARBITRATION AWARD |
| vs. | |
| MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., | |
| Defendants. | |

The matter currently before the Court concerns an arbitration award dated October 19, 2009 ("Arbitration Award") by the Honorable Nicholas H. Politan (Ret.), former United States District Court Judge for the District of New Jersey. The Arbitration Award relates to the allocation of fees between six of the several law firms representing the Plaintiffs in a class action lawsuit that was settled by final approval of this Court on July 10, 2009. (Docket No. 60.) The six law firms are collectively known as the "East Coast Counsel." Five of the firms, namely Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Winne, Banta, Hetherington, Basralian & Kahn, P.C. ("Winne, Banta"), Law Office of John M. Kelson, Jerry K. Cimmet, Attorney at Law, and Richard B. Glickman, APC (collectively, the "Five Firms") move to confirm the Arbitration Award. (Docket No. 62.) The sixth firm, Folkenflik & McGerity ("F&M"), opposes confirmation and moves to vacate the Arbitration Award. (Docket Nos. 64, 65, 76.)

For the reasons set forth herein, the Court **GRANTS** the Motion to Confirm Arbitration Award

1  (Docket No. 62) and **DENIES** the Cross Motion to Vacate Arbitration Award (Docket Nos. 64, 65,
2  76.).

3                                    **BACKGROUND**

4        This action is a consolidated class action arising from Defendants' alleged failure to pay
5  overtime to certain brokerage firm employees and from Defendants' alleged unlawful deduction from
6  commissions and salaries for certain business-related and other expenses, such as administrative
7  expenses and losses due to trading errors.

8        On July 10, 2009, this Court granted final approval of a nationwide settlement and, in
9  connection therewith, awarded fees to Plaintiffs' counsel, including the East Coast Counsel, in the total
10 amount of $12,500,000 (the "Fee Order"). (Docket No. 60.) The total fees awarded represent 25%
11 of the settlement fund plus litigation expenses in the amount of $100,000. *Id.* The Fee Order stated
12 the East Coast Counsel was entitled to "47.2% of the fees awarded plus expenses to be awarded in
13 proportion to the amounts sought." *Id.* at pgs. 2-3. Overall, fees in the amount of $5,900,000 were
14 awarded to the East Coast Counsel. *Id.*

15       A dispute then arose regarding the allocation of the awarded fees between the East Coast
16 Counsel. The East Coast Counsel agreed to mediate and, when that failed, to arbitrate the dispute,
17 with the Honorable Nicholas H. Politan (Ret.) serving as mediator and arbitrator.

18       The lodestars of the East Coast Counsel were as follows:

| | |
|---|---|
| Wolf Haldenstein | $1,720,835.75 |
| Jerry Cimmet | $292,799.00 |
| John Kelson | $421,740.00 |
| Winne, Banta | $303,798.25 |
| Richard Glickman | $186,690.00 |
| F&M | $151,179.50 |

(Smith Decl. [Docket No. 62-2], Ex. 3, pg. 3; *see also* Docket Nos. 49, 50.)

26       Based on these amounts, an interim distribution was made of $3,000,000 to the Five Firms and
27 $200,000 to F&M, leaving a balance to be distributed of $2,700,000. (Smith Decl. [Docket No. 62-2],
28 Ex. 3.) At arbitration, F&M argued, among other things, it was entitled to one-third of the balance

because it filed the first lawsuit in the consolidated class action lawsuit; F&M was the driving force that brought about the East Coast and West Coast alliance for a national class action; not all of the work performed by the Five Firms was necessary; and the law firm of Futterman, Howard, Watkins, Wiley & Ashley was paid $590,000 to join the settlement based on lawsuits it had filed in other jurisdictions which allegedly had the potential to stall approval of the settlement in this case. The Arbitrator allowed the parties to submit additional evidence and argument, and then conducted an evidentiary hearing. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 2-3, 4, 6; *see also* Docket Nos. 66-73.)

On October 19, 2009, the Arbitrator issued the Arbitration Award, instructing the East Coast Counsel to divide the fees based upon the lodestars enhanced by a factor of 1.92. "The lodestar of all the parties should be multiplied by a factor of 1.92 and distribution should be made accordingly." (Smith Decl. [Docket No. 62-2], Ex. 3 at pg. 11.) Based on this calculation, F&M was granted fees in the amount of $290,264.64. *Id.* at pgs. 3, 11.

On October 30, 2009, the Five Firms filed a Motion to Confirm Arbitration Award in this Court. (Docket No. 62.) F&M opposed the Motion and filed a Cross-Motion to Vacate Arbitration Award. (Docket Nos. 64, 65, 76.)

## DISCUSSION

### I. JURISDICTION

In granting final approval of the settlement and awarding fees on July 10, 2009, this Court retained jurisdiction over all "settlement administration matters, and [] such post-judgment matters as may be appropriate under court rules or applicable law." (Docket No. 60, ¶ 11.) As the current dispute arises from the settlement and, in any event, constitutes a post-judgment matter, this Court has jurisdiction to consider the Motion and Cross-Motion. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (a motion to vacate or confirm an arbitration award may be brought either where the award was made or in any district proper under the general venue statute); *Theis Research, Inc. v. Brown & Bain*, 240 F.3d 795 (9th Cir. 2001).

### II. ARBITRATION AWARD

A court "may make an order vacating the [arbitration] award... (4) where the arbitrators

1 exceeded their powers..." 9 U.S.C. § 10. The Ninth Circuit has clearly stated,

> The Federal Arbitration Act, 9 U.S.C. §§ 1-6, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard.

*Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc). An arbitrator may be deemed to have exceeded his or her power where the award is "completely irrational" or exhibits a "manifest disregard of law." *Id.* at 997 (internal citation omitted). "Manifest disregard... requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009), *cert. denied* __ S.Ct. __, 2010 WL 596571 (Feb. 22, 2010). Upon application, where there are no grounds to vacate, modify or correct an arbitration award, a reviewing court must confirm the award. 9 U.S.C. § 9.

In this case, F&M seeks to vacate the Arbitration Award on the grounds the Arbitrator exceeded his power by applying the lodestar method rather than the percentage recovery method to allocate fees, and by failing to consider the necessity or efficiency of the work performed by F&M, as compared to that performed by the Five Firms.

### A.   *Lodestar versus Percentage Recovery*

The Fee Order awarded fees to the East Coast Counsel based on the percentage recovery method. (Docket No. 60.) F&M argues this method should have also been used to allocate fees between the East Coast Counsel.

The Ninth Circuit has long accepted the use of the lodestar method to allocate fees in class actions. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009); *Fischel v. Equitable Life Assur. Soc'y of United States*, 307 F.3d 997, 1006-07 (9th Cir. 2002); *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990) (either method "may... have its place in determining what would be reasonable compensation for creating a common fund," citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"Reasonableness is the goal, and mechanical or formulaic application of either method, where

1  it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007. In this case,
2  the Arbitrator accepted additional evidence on the issue, held an evidentiary hearing, and considered
3  other allocation methods. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 2-3, 4, 6; *see also* Docket Nos.
4  66-73.) The Arbitrator concluded that the alternate theories offered by F&M were not supported by
5  evidence and the relative efforts of the parties would best be recognized using the lodestar method
6  multiplied by the universal multiplier of 1.92. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 7-8, 10-11.)
7  The Arbitrator likewise found that any agreement between the Five Firms on how to divide fees among
8  themselves was made irrelevant by the arbitration award, and there was no evidence showing that the
9  firms improperly manipulated their time records. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 10-11.)
10 In light of these circumstances, the Court finds the Arbitrator's use of the lodestar method was not a
11 manifest disregard of the law.
12      That this matter involves the allocation of fees between counsel, rather than the award of fees
13 payable from a settlement fund, makes lodestar that much more relevant. The purpose of the percentage
14 recovery method is to avoid unjust enrichment, requiring class members who benefitted from the
15 creation of a common fund to share the wealth with the lawyers whose skill and effort helped create
16 it. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994). The focus
17 of the percentage recovery method is clearly on the relationship of the counsel to the class. These
18 considerations were previously taken into account when this Court awarded fees in the Fee Order.
19 (Docket No. 60.) However, such policy considerations are not as strong where, as here, the focus is
20 instead on the relationship between the law firms themselves. Although the same considerations could
21 apply depending on the circumstances of a particular case, the Arbitrator here, after considering the
22 evidence, determined that the lodestars best represented the work and efforts performed by the
23 respective law firms. (Smith Decl. [Docket No. 62-2], Ex. 3, pg. 8.) Specifically, the Arbitrator found
24 F&M's argument that it conferred a greater benefit than other counsel lacked merit and F&M's alternate
25 theories of allocation would have given F&M a multiplier of at least seven, if not thirteen, times its
26 lodestar, a result not supported by the evidence. *Id.* In light of these circumstances, the Court finds that
27 the Arbitrator's use of the lodestar method was not completely irrational.
28 ///

### B. Evidentiary Support

The Arbitrator relied on, among other things, billing detail previously submitted by counsel in obtaining the Fee Order from this Court. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 2-3, 4, 7; *see also* Docket Nos. 49, 50.) F&M argues the Arbitrator exceeded its power because the Arbitrator did not conduct an independent review of each counsel's time records for necessity or efficiency before making his findings.

The Court first notes the Arbitrator did not merely rely on the previously-submitted billing detail; rather, the Arbitrator accepted additional evidence and conducted an extensive evidentiary hearing, allowing all parties to submit questions and lines of inquiry. (Smith Decl. [Docket No. 62-2], Ex. 3, pgs. 2-3, 4, 6; *see also* Docket Nos. 66-73.)

Notwithstanding, the Court finds it lacks jurisdiction to consider whether the Arbitrator's findings are supported by the evidence. An arbitrator "is not required to provide support for its findings in its awards, or to explain its conclusions." *Bosack*, 586 F.3d at 1105; *see also Kyocera,* 341 F.3d at 994. A reviewing court has "no authority to re-weigh the evidence." *Bosack*, 586 F.3d at 1105 (internal citation omitted). Accordingly, the Court does not analyze whether the Arbitrator's findings are supported by the evidence, as the Court lacks jurisdiction to do so. Rather, on the grounds set forth above, the Court finds the Arbitration Award neither exhibits a manifest disregard for the law nor is completely irrational. Thus, the Arbitration Award is confirmed.

### CONCLUSION

For the reasons set forth above, the Motion to Confirm Arbitration Award (Docket No. 62) is **GRANTED** and the Cross Motion to Vacate Arbitration Award (Docket Nos. 64, 65, 76) is **DENIED**.

**IT IS SO ORDERED**.

Date: April 5, 2010

Hon. Roger T. Benitez
Judge, United States District Court